UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYTHAN MICHAEL JONES SLAISE,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE A. SILVEIRA and VERNON H. WARNKE,<br><br>Defendants. | Case No. 1:23-cv-00650-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE[1]<br><br>(Doc. No. 7)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First Amended Complaint. (Doc. No. 7). For the reasons set forth below, the undersigned recommends that the district court dismiss this action because the First Amended Complaint fails to state any cognizable constitutional claim and any further amendments would be futile.

**SCREENING REQUIREMENT**

Plaintiff commenced this action while in prison and thus is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules prohibit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  A litigant must file unrelated claims in separate lawsuits.

1        If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on April 28, 2023.  (Doc. No. 1).  On August 10, 2023, the undersigned screened Plaintiff's Complaint and found it failed to state any cognizable claim.  (*See* Doc. No. 6).  Plaintiff was afforded the opportunity to file an amended complaint, which he timely filed on September 8, 2023.  (Doc. No. 7. "FAC").

The events giving rise to the FAC occurred in Merced County.  (*See generally id.*).  The FAC names two Defendants: (1) Merced County District Attorney Nicole Silveira and (2) Merced County Sheriff Vernon Warnke.  (*Id*. at 2-3).  Plaintiff's FAC consists of two claims.  Liberally construed, the first claim asserts a violation of the Fourteenth Amendment Equal Protection Clause and California's Racial Justice Act (Cal. Penal Code §§ 745, 1473) alleging that Plaintiff and two other identified African American defendants were convicted in state criminal proceedings based on "perjured evidence," and prosecuted because of their race as "Black-Negro Native Americans."  (*Id*. at 3-4).  Specifically, Plaintiff claims that a particular prosecutor, not named as a defendant in this suit, "acted as a 'complaining witness' by certifying that the facts alleged within an affidavit . . . were true, as she was functioning more like a witness than a prosecutor."  (*Id*. at 4).  To the extent discernible, the FAC also asserts a *Monell*[2] claim alleging that the District Attorney's office exhibited deliberate indifference by failing to train its employees.  (*Id*.).

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3

In a second claim, the Plaintiff asserts a violation of the Eighth Amendment based on water quality violations and other public health issues at two Merced County correctional facilities—the Merced County Sheriff's Office Main Detention Center ("MDC") and the John Latorraca Correctional Center ("JLCC")—dating from the late 1990s to the late 2000s. (*Id.* at 4).

As relief, Plaintiff seeks punitive, exemplary, and compensatory damages, as well as temporary and permanent injunctive relief against "these officals [sic], representatives, successors, predecessors, and Associates in-fact until the full and complete adjudication of 42 U.S.C. 1983 [sic] . . ." (*Id.* at 5).

## APPLICABLE LAW AND ANALYSIS

### A. Rule 8

To be plausible, a complaint must provide sufficient factual detail for the Court to infer that each Defendant is liable for the alleged constitutional violations. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council*, 643 F.2d at 624. Here, although Plaintiff's FAC is relatively short, it is not a plain statement of his claims. As a basic matter, the FAC does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on factual allegations as to what happened and not conclusory allegations, such as claiming that "state officials are seeking a criminal conviction or sentence on the basis of [Plaintiff and others] being of the Black/African American race, ethnicity, or national origin." (Doc. No. 7 at 3-4).

Further, in addition to being conclusory, Plaintiff's allegations are disjointed and cryptic. Because he does not state any facts or connect any alleged claims or acts of wrongdoing to any listed Defendant, neither named Defendant could be reasonably expected to understand from the FAC how he or she is alleged to have violated Plaintiff's rights. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (observing that the purpose of the complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation marks and citations omitted). Just listing a name in the caption of a complaint and alleging a constitutional violation in the body of the complaint is not enough to articulate a claim

under § 1983.

Because Plaintiff's FAC fails to set forth in short and plain statements facts plausibly entitling him to relief, it violates Rule 8 and thus fails to state a claim.

**B. Related Claims and Joinder**

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, the FAC asserts two entirely disparate claims: one related to Plaintiff's criminal prosecution and/or conviction, which occurred on an unspecified date; and another based on health violations at two Merced County correctional facilities spanning from the late 1990s to late 2000s. There are no facts alleging a connection between these events and no overlap in the individuals alleged to be involved. Independently, the Court cannot conceive under any scenario how these two claims could arise out of the same transaction, occurrence, or series of transactions

or occurrences to be joined in a single action.  The Court finds it would be futile to direct Plaintiff to file a second amended complaint to choose on which claim to proceed, because as set forth herein, neither cause of action states a cognizable federal claim.

**C. Section 1983 Action Improper to Challenge Plaintiff's State Criminal Case**

As to his first, claim, Plaintiff claims he and the two other identified African-American men are being prosecuted solely on the basis of their race; and, the prosecutor in Plaintiff's case, who is not named as a defendant, violated his constitutional rights by acting as a "complaining witness" in certifying to certain facts in the state's opposition to defense's motion to set aside an information. (Doc. No. 7 at 3-4).  Liberally construed, Plaintiff appears to allege a Fourteenth Amendment claim for racial discrimination against Merced County District Attorney Nicole Silveira.

At the outset, it is not entirely clear whether Plaintiff has been convicted in his underlying criminal action or if it remains pending.  Nonetheless, Plaintiff's first claim against Defendant Silveira is not cognizable.

First, Plaintiff's claim against Defendant Silveira fails because prosecutors have immunity from liability under § 1983 when engaging in activities "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  Thus, regardless, of the reasons "for initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id*. at 431; *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."); *Holland v. Cnty. of Macomb*, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (finding plaintiff's claims of malicious prosecution and racial discrimination barred by prosecutorial immunity).

Further, a claim of racial discrimination under the Equal Protection clause requires a showing of discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976).  "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based

6

upon membership in a protected class,' (citing *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose." *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008). Here, the FAC is wholly devoid of any factual basis to support Plaintiff's claim of racial discrimination.

Second, to the extent Plaintiff has been convicted, any claim that the prosecutor certified statements of fact that were not true, even if attributable to Defendant Silveira,[3] such claims are barred by the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). To be able to recover damages for an allegedly unconstitutional conviction or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his "conviction or sentence has been [1] reversed on direct appeal, [2] expunged by executive order, [3] declared invalid by a state tribunal authorized to make such determination, or [4] called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87, (footnote omitted).

Alternatively, to the extent Plaintiff is attempting to assert a claim for malicious prosecution, Plaintiff's claim fares no better. The Ninth Circuit has held such a claim is not generally cognizable under § 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.3d 556, 561 (9th Cir. 1987). An exception does exist if "a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Id*. (citations omitted). However, a plaintiff must also show that the prior criminal proceeding was commenced by or at the direction of a defendant and was: (1) legally terminated in plaintiff's favor; 2) commenced without probable cause; and 3) initiated with malice. *Ayala v. Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). Here, the FAC contains no such averment of fact to support a malicious prosecution claim.

Finally, to the extent Plaintiff's criminal case remains pending, federal courts cannot

---

[3] The fact that Defendant Silveira cannot be held liable under respondeat superior is discussed *infra*.

interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Further, such irreparable injury must be "both great and immediate." *Id*. (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). Essentially, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. Montana,* 626 F.2d 82, 83–84 (9th Cir.) (quoting *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972)), *cert. denied,* 449 U.S. 1014 (1980). Here, the FAC articulates no reasons, yet alone extraordinary circumstances that Plaintiff will suffer a great, immediate, and irreparable injury.

Thus, Plaintiff first cause of action challenging his prosecution fails to state a cognizable claim and must be dismissed.

### D. Eighth Amendment Conditions of Confinement

Plaintiff's second claim generally alleges that two Merced County correctional facilities—MDC and JLCC—were in violation of water quality laws and had other public violations from the late 1990s to the late 2000s. (Doc. No. 7 at 4-5). It asserts that both facilities were infested with black mold and that JLCC had elevated levels of arsenic in the drinking water. (*Id*.). The FAC contains no factual allegation that either of the named Defendants were involved in these violations, or that Plaintiff was held at either of these institutions, much less harmed by the health violations.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish Article III standing, three elements must be satisfied: a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, (1990)). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each

8

element. *Id.* (citing *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

Here, Plaintiff has not pled facts satisfying any of the elements of standing. As noted above, there are no facts reflecting the involvement of Defendants Silveira and Warnke in the alleged violations, much less that they were deliberately indifferent to a serious risk of harm to Plaintiff. Nor does the FAC allege any facts showing that Plaintiff suffered an actual injury that would confer standing to sue. Thus, because Plaintiff does not have standing to bring an Eighth Amendment claim based on the health violations at MDC and JLCC, the FAC fails to state a claim.

### E.  Supervisor Liability

Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Id*., *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011).

Both named Defendants in this action are heads of their respective agencies, and there are no facts in the FAC that reflect their personal involvement in, or knowledge of any alleged constitutional violations. Without any facts reflecting that either Defendant participated in or directed any constitutional violations, the FAC fails to state a claim against either Defendant. *Sasser v. Lizaragga*, 2020 WL 6293146, at *4 (E.D. Cal. July 14, 2020), *report and recommendation adopted*, 2020 WL 6286326 (E.D. Cal. Oct. 27, 2020) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

### F.  Monell Claim

To state a *Monell* claim, Plaintiff must adequately allege an underlying constitutional violation by a County employee. *Scott v. Heinrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("municipal defendants cannot be held liable because no constitutional violation occurred"); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims . . . require a plaintiff to show an underlying constitutional violation."). Here, Merced County is not a named Defendant in this

action. And because, as set forth above, the Court finds no underlying violation has been adequately pled, Plaintiff cannot state a *Monell* claim.

## FINDINGS AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's FAC fails to state any cognizable claim. The FAC suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint. The Court previously advised Plaintiff that he could not seek a reversal of his conviction in a § 1983 action, but Plaintiff nevertheless realleged the same deficient claim. Plaintiff now asserts a new claim without any facts connecting the alleged violations to either the Defendants or to Plaintiff. Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above. The undersigned finds that any further leave to amend would be futile. Thus, the undersigned recommends the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is hereby **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of this Findings and Recommendation.

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint (Doc. No. 7) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     January 5, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE